***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALMA & GREGORY RUSH, | : | |
| Plaintiffs | : | Civil Action No. 12-2276 (FLW) |
| v. | : | **OPINION** |
| PORTFOLIO RECOVERY ASSOCIATES LLC, | : | |
| Defendant. | : | |

**WOLFSON, United States District Judge:**

Presently before the Court is a motion for reconsideration under L. Civ. R. 7.1(i) of this Court's Opinion and Order dated October 17, 2013, filed by Plaintiffs Alma and Gregory Rush (collectively, "Plaintiffs"). Plaintiffs move the Court to reconsider its decision to grant summary judgment in favor of Defendant Portfolio Recovery Associates LLC ("Defendant" or "Portfolio") on its bona fide error defense under the Fair Debt Collection Practices Act ("FDCPA"). Portfolio opposes Plaintiffs' motion on the grounds that Plaintiffs have failed to meet their burden of demonstrating that reconsideration is appropriate. For the following reasons, the Court denies Plaintiffs' motion.

**BACKGROUND**

On this motion for reconsideration, only a brief recitation of the relevant facts is necessary; additional facts can be found in my Opinion dated October 17, 2013.[1] *See Rush v. Portfolio Recovery Assocs. LLC*, __ F. Supp. 2d __, 2013 WL 5645770 (D.N.J. 2013).

Plaintiffs are residents of Phillipsburg, New Jersey, and Portfolio is a national debt collection agency with its headquarters located in Norfolk, Virginia. The claims in this case arise out of phone calls Portfolio placed to Plaintiffs' home residence in connection with a debt allegedly owed by Plaintiff Alma Rush. The dates and times of some of these calls are disputed, with Plaintiffs testifying in deposition that these calls continued through April 2012, including after Plaintiffs retained counsel in January 2012. On January 26, 2012, Plaintiffs' counsel sent a cease and desist letter to Portfolio, which was logged into Portfolio's records on January 31, 2012 at 12:45 p.m. In response, Portfolio sent a letter to Plaintiffs' counsel on February 1, 2012, acknowledging receipt of the cease and desist letter and stating that no further attempts would be made to collect on the account. Plaintiffs, again through counsel, sent a second cease and desist letter to Portfolio on May 9, 2012, demanding a second time to cease communication with Plaintiffs. The impetus for this second letter were calls allegedly made by Portfolio to Plaintiffs after the first cease and desist letter. Portfolio's logs show no calls being placed to Plaintiffs after January 31, 2012, but they do show a call placed around 1:00pm on January 30, 2012.

---

[1] Similarly, I address only the portion of my decision on which Plaintiffs base their motion for reconsideration.

In determining whether summary judgment was appropriate for Plaintiffs on their claim under § 1692c(a)(2) and (c) of the FDCPA—which, respectively, prohibit a debt collector from (i) communicating directly with a consumer about a debt when the debt collector knows the consumer is represented by counsel, and (ii) communicating following receipt of a cease and desist notice—I noted that Plaintiff Alma Rush testified that Plaintiffs continued to receive phone calls from Portfolio after January 2012, though April 2012. I thus concluded that Plaintiffs were challenging the accuracy of Portfolio's phone logs, which in turn raised credibility issues normally sufficient to defeat Portfolio's motion for summary judgment. *See Big Apple BMW*, 974 F.2d at 1363 (summary judgment must be denied where conflicting material evidence exists).  Nevertheless, I found that Portfolio was entitled to a bona fide error defense, pursuant to 15 U.S.C. § 1692k(c),[2] and found that, even assuming Portfolio communicated with Plaintiffs after January 2012, any communications were unintentional, the result of errors, and contrary to established procedures Portfolio has designed to avoid such errors. For that reason, I granted summary judgment to Portfolio for Plaintiffs claims under § 1692c(a)(2) and (c) in Counts Two and Three of their Complaint.

Following my decision, Plaintiffs timely filed the instant motion for reconsideration.  Specifically, Plaintiffs argue that the Court's decision to grant summary judgment to Portfolio on its bona fide error defense was a "clear error of law,"

---

[2]    Section 1692k(c) of the FDCPA offers a defense to a debt collector whose violation of the statute results from a bona fide error, and provides:

> A debt collector may not be liable in any action under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

necessitating reconsideration, on the sole grounds that the Court incorrectly found that Portfolio had demonstrated its entitlement to the defense.[3]

**STANDARD OF REVIEW**

Local Rule 7.1(i) allows parties to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the initial motion. L. Civ. R. 7.1(i). The burden on the moving party, however, is quite high. The movant must demonstrate either: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). The Court will grant such a motion only if the matters overlooked might reasonably have resulted in a different conclusion. *Bowers v. Nat'l Collegiate Athletic Ass'n.*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) *rev'd on other grounds by* 475 F.3d 524 (3d Cir. 2007).

The reconsideration vehicle may not be used by parties to "restate arguments that the court has already considered." *Lawrence v. Emigrant Mortg. Co.*, Civ. No. 11- 3569, 2012 WL 5199228, *2 (D.N.J., Oct. 18, 2012). Nor may be it used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc. v. Comm. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (internal citation omitted). Instead, "a difference of

---

[3] Plaintiffs initially also moved on the grounds that Portfolio failed to produce to Plaintiffs the materials on which it relied in support of the bona fide error defense. By letter dated December 2, 2013, Plaintiffs acknowledged that they had received these materials, and indicated that they would not seek reconsideration on Portfolio's failure to produce material to Plaintiffs.

opinion with the court's decision should be dealt with through the normal appellate process." *Dubler v. Hangsterfer's Laboratories*, Civ. No. 09- 5144, 2012 WL 1332569, *2 (D.N.J., Apr. 17, 2012) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d at 612).

**DISCUSSION**

Plaintiffs contend that the Court should reconsider its determination that Portfolio adequately demonstrated its entitlement to the bona fide error defense to an alleged violation of the FDCPA. Specifically, Plaintiffs argue that Portfolio failed to provide sufficient evidence for this Court to determine that Portfolio had reasonable policies and procedures in place to avoid violation of the FDCPA, as is required for Portfolio to avail itself of the bona fide error defense. Plaintiffs also argue that reconsideration should be granted because even assuming that Portfolio adequately carried its burden of production on summary judgment, the reasonableness of Portfolio's procedures in support of its bona fide error defense is nonetheless a question for the jury.

As discussed above, "it is improper on a motion for reconsideration to 'ask the Court to rethink what it had already thought through—rightly or wrongly.'" *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012) (quoting *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). Rule 7.1(i) does not allow for a party to repeat arguments already considered by the court. *See Bermingham v. Sony Corp. Of Am., Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3d Cir. 1994).

In their motion for reconsideration, Plaintiffs fail to argue that this Court actually "overlooked" any factual or legal issue that may alter the disposition of the matter.

Instead, Plaintiffs contend that the Court incorrectly found that Portfolio was entitled to the bona fide error defense because the Court improperly relied on Portfolio's self-serving affidavit detailing its policies and procedures. In other words, Plaintiffs simply disagree with this Court's assessment that the *undisputed* evidence sufficiently established that the bona fide error defense applied. This is virtually identical to the argument raised by Plaintiffs that I considered in my previous decision. *See Rush v. Portfolio Recovery Assocs. LLC*, __ F. Supp. 2d __, 2013 WL 5645770, at *10 (D.N.J. 2013) ("Plaintiffs in opposition contend that Portfolio has failed to carry its burden of showing that its policies and procedures were reasonably and sufficiently adapted to preventing inadvertent communications following the receipt of their cease and desist letter. According to Plaintiffs, Portfolio's declaration is devoid of any detailed explanation of the policies and procedures it employs, as well as any evidence that they were actually employed in this case."). I rejected Plaintiffs' argument, finding that Portfolio's declaration, submitted by its corporate designee, sufficiently detailed "procedures [that] are objectively reasonable, and speak directly to the alleged FDCPA violations in this case." *Id.* Furthermore, I noted that not only had Portfolio provided evidence of its procedures, but that Plaintiffs "ha[d] failed to rebut the adequacy or reasonableness of such procedures to show that summary judgment is inappropriate." *Id.*

In their reconsideration motion, Plaintiffs argue that I applied the wrong standard on summary judgment because I relied solely on Portfolio's "self-serving" affidavit in finding that Portfolio was entitled to the bona fide error defense. Such an argument—challenging the proper legal standard—is appropriately resolved by appeal, not on reconsideration. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d at 612; L.

Civ. R. 7.1(i). In any event, Plaintiffs' argument is misplaced. It is true that *conclusory*, self-serving affidavits are insufficient to withstand a motion for summary judgment. *See, e.g.*, *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985); *see also* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."). Such is not the case here. There are no conclusory statements in the declaration submitted by Portfolio; rather, the declarant sets out in reasonable detail the wide range of training, communication policies, and other procedures sufficient for Portfolio to carry its burden of showing its entitlement to the bona fide error defense. *Cf. Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) ("Kirleis's affidavit satisfies this standard [for summary judgment]. Far from a conclusory statement that she never agreed to arbitrate, Kirleis details the specific circumstances that rendered the formation of an agreement to arbitrate impossible.").

Nevertheless, in their reply papers in the instant motion,[4] Plaintiffs more pointedly argue that reconsideration is proper because Portfolio failed to provide sufficient evidence of the reasonableness of its speed processing of cease and desist letters upon receipt—as opposed to the reasonableness of its procedures following the entry of a cease and desist letter into its records—to avoid inadvertent communications.

---

[4] Plaintiffs filed a reply brief in further support of their motion for reconsideration without seeking leave of the Court to do so, as is required under L. Civ. R. 7.1(d)(3). However, because I find that the reply brief clarifies the issues on which Plaintiffs seek reconsideration, and because nothing in the reply brief necessitates a surreply, I will consider this filing. *See, e.g.*, *Moore v. Blockbuster, Inc.*, Civ. No. 06-6997(JAP), 2009 WL 2986417, at *2 (D.N.J. Sept. 17, 2009) (noting that, in a motion for reconsideration, it is within the district court's discretion to consider an improperly filed reply brief).

To begin, Plaintiffs did not raise this argument in its opposition to Portfolio's summary judgment motion and bona fide error defense; therefore, this argument is not a proper ground for reconsideration of my previous decision, in addition to the reasons stated above. *Prall v. Bocchini*, Civ. No. 10-1228 JBS, 2012 WL 5465161, at *3 (D.N.J. Nov. 7, 2012) (explaining that a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue (citing *SPIRG v. Monsanto Co.*, 727 F. Supp. 876, 878 (D.N.J.), *aff'd,* 891 F.2d 283 (3d Cir. 1989))`). Moreover, Plaintiffs have presented nothing to support their narrow argument regarding the adequacy of Portfolio's procedures for entry of cease and desist letters into its computer system, and thus this is not a sufficient basis for reconsideration. *Bowers v. Nat'l Collegiate Athletic Ass'n.*, 130 F. Supp. 2d at 613 (noting that a district court will grant such reconsideration if the matters overlooked might reasonably have resulted in a different conclusion). Portfolio has adequately demonstrated, through its declaration, that it has procedures in place to handle the inputting of cease and desist letters, including the time it takes to enter a cease and desist letter into its computer systems after it is received. Even assuming that Plaintiffs' letter was received by Portfolio on the date and time Plaintiffs allege, it is undisputed that the letter was entered into Portfolio's records of Plaintiffs one day later with the notation to cease further communications. This one-day "processing" delay—between the letter's receipt and its entry into Portfolio's computer system—does not undermine my previous conclusions that Portfolio had in place procedures reasonably adapted to avoid an erroneous communication with consumers, particularly in light of the fact that Plaintiffs failed to submit any evidence to contradict Portfolio's procedures.

*Accord Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1031 (6th Cir. 1992); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 389-90 (D. Del. 1991).

In sum, Plaintiffs have not presented the Court with any change in controlling law, factual issues that were overlooked, newly discovered evidence, or clear errors of law that are necessary for reconsideration. To the contrary, Plaintiffs merely disagree with the result of my previous decision, and thus, Plaintiffs' challenge to my decision is better suited for the appellate process, not reconsideration. *Bowers*, 130 F. Supp. 2d at 612 (citations omitted) (noting that a difference of opinion with the court's decision should be dealt with through the normal appellate process). Consequently, Plaintiffs cannot satisfy the threshold for granting a motion for reconsideration of this Court's Opinion and Order dated October 17, 2013.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for reconsideration of this Court's October 17, 2013 Order and Opinion is denied.


Dated: May 7, 2014                   /s/ Freda L. Wolfson
                                     Hon. Freda L. Wolfson, U.S.D.J.